# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| TAMARA BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:19-cv-02612-TLP-tmp |
| v. | ) | |
| | ) | JURY DEMAND |
| UNITED STATES DEPARTMENT OF | ) | |
| AGRICULTURE FOOD SAFETY and | ) | |
| TYSON FOODS FSIS OFFICE AND | ) | |
| TYSON FRESH MEATS (SLAUGHTER), | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Tamara Brown sued pro se claiming termination of her employment, retaliation, and failure to accommodate her disability under Title VII, 42 U.S.C. § 2000e–2000e17, and the Americans with Disabilities Act, 29 U.S.C. §§ 621–634. (ECF No. 1.) The Magistrate Judge issued a Report and Recommendation ("R&R") under Administrative Order 2013-05 recommending that this Court dismiss this action sua sponte under 28 U.S.C. § 1915(e)(2). (ECF No. 7 at PageID 28.) Neither Party objected to the R&R.[1] For the reasons below, this Court **ADOPTS** the R&R in its entirety and **DISMISSES** Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2).

---

[1] Objections to the R&R were due within 14 days of the R&R being entered—October 11, 2019.

## I. In Forma Pauperis Case Screening

The Court must screen any case proceeding in forma pauperis to determine whether it is baseless or malicious, fails to state a viable claim for relief, or seeks monetary relief against an immune defendant. If a case falls into one of these categories, "the court shall dismiss the case at any time . . . ." *See* 28 U.S.C. § 1915(e)(2). As mentioned above, the Magistrate Judge conducts this screening under Administrative Order 2013-05 and 28 U.S.C. § 636(b)(1)(B). The R&R recommends dismissal of the Complaint for failure to state a viable claim for relief. (ECF No. 7 at PageID 24.) Specifically, the Magistrate Judge noted that Brown listed only documents she sent to the Equal Employment Opportunity Commission supporting her allegations, but listed no other allegations related to the alleged discrimination. (*Id.* at PageID 25.) The Magistrate Judge thus found "alleg[ing] essentially no facts about her employment discrimination claim," Brown failed to "meet the plausibility pleading standard required by the Federal Rules." (*Id.* at PageID 27–28.)

## II. Adopting the R&R

Under Federal Rule of Civil Procedure 72(b)(2), "[w]ithin 14 days of being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Neither party objected to the R&R, and the time for filing objections has expired. *See* Fed. R. Civ. P. 5(b)(2), 6(d), 72(b)(2). When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes.

Having reviewed the R&R, the Court finds no clear error and ADOPTS the R&R in its entirety. Accordingly, the Court and **DISMISSES** Plaintiff's Complaint.

**SO ORDERED**, this 28th day of October, 2019.

                                        s/ Thomas L. Parker
                                        THOMAS L. PARKER
                                        UNITED STATES DISTRICT JUDGE